OAKWOOD MOBILE HOME PARK, INC. v BEDFORD TOWNSHIP

MUNICIPAL CORPORATIONS—ADMINISTRATIVE LAW—SEWAGE ASSESS-
MENTS—APPEALS—SECONDARY CUSTOMERS.

A statute providing that appeals from county rates, charges or
assessments for sewage services shall be taken before a board of
review constituted of members of the county board of supervi-
sors or board of auditors applies only to direct rate payers to
the county, not to secondary rate payers; therefore, a court has
jurisdiction to hear a claim contesting the validity of a town-
ship sewage ordinance without first requiring a review board
hearing where the township is the customer of the county and
the plaintiff is obligated only to the township for the services
(MCLA 46.176; MSA 5.2767[6]).

Appeal from Monroe, William J. Weipert, Jr., J.
Submitted April 13, 1976, at Detroit. (Docket No.
24654.) Decided May 18, 1976. Leave to appeal
applied for.

Complaint by Oakwood Mobile Home Park, Inc.,
and Phillip Candella, doing business as Inverness
Plaza Mobile Home Sales, against the Township of
Bedford contesting the validity of a sewage ordi-
nance and assessments thereunder. Summary
judgment for defendants. Plaintiffs appeal. Re-
versed and remanded.

*Thomas W. Pruden,* for plaintiffs.

*Joseph M. Jan,* for defendant.

Before: BASHARA, P. J., and R. B. BURNS and
QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions §§ 337–342.

Quinn, J. By this action, plaintiffs contested the validity of a sewage ordinance of defendant and assessments thereunder. Defendant moved for accelerated and summary judgment on the bases that the court lacked jurisdiction, and that plaintiffs had failed to state a claim on which relief could be granted. Both assertions were founded on the argument that the plaintiffs had failed to exhaust their administrative remedies. The trial court agreed with defendant on both of the above grounds and granted defendant's motion. Plaintiffs' complaint was dismissed and they appeal.

Defendant's ordinance 24 authorized a contract between defendant and Monroe county under MCLA 46.175a; MSA 5.2767(5.1). Those statutory sections are part of 1939 PA 342 relating to county public improvements for sewage disposal, among others. This litigation involves sewers.

The contract entered into between defendant and the county basically provided that the county would finance the sewage disposal system and the county drain commissioner would run it. Defendant was to pay operating expenses and capital costs. Defendant was to be the sole customer of the county, and defendant was to collect charges from the residents.

Plaintiffs operate two mobile home parks within defendant township. Ordinance 24 required them to connect with the county-township sewage system, although each park had a central sewage disposal system. Plaintiffs were charged $27,625 and $65,450 respectively for connecting privilege fees. Each tendered $1,075 as payment (this amount included $100 penalty for late payment), and this action was commenced. The administrative remedy relied on by defendant and the trial court is MCLA 46.176; MSA 5.2767(6) which reads in pertinent part:

"The board of supervisors shall designate either a committee selected from its membership or the board of auditors, in counties having boards of auditors, to be constituted a board of review for the purpose of hearing and reviewing rates, charges and/or assessments. At the request of any unit of government, person, firm or corporation, *charged for services rendered by any county acting under the provisions hereof*".

On the facts before us, plaintiffs are not charged for any services rendered to them by the county whose sole customer is defendant. Plaintiffs are charged by defendant for services rendered by it. We find the statute inapplicable.

The trial court has jurisdiction and plaintiffs' complaint states a claim on which relief may be granted.

Reversed and remanded with costs to plaintiffs.